UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LASIC, JR., an individual, | No. 2:05-cv-0161-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER CONSOLIDATING RELATED CASES** |
| DANA MORENO; and DOES 1 through 10, inclusive, | |
| Defendants. | |
| _____/ | |
| DAVID LASIC, JR., an individual, | No. 2:05-cv-2068-MCE-DAD |
| Plaintiff, | |
| v. | |
| UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA, | |
| Defendants. | |
| _____/ | |

By Order dated November 3, 2005, these cases were deemed related in accordance with the provisions of Local Rule 83-123(a).

///

1

By stipulation filed with the Court on January 6, 2006, counsel for all parties in both actions have agreed that both cases should be consolidated on grounds given the common factual and legal issues they present.  Defendants United States of American and Dana Moreno have now moved for consolidation pursuant to that stipulation in accordance with Federal Rule of Civil Procedure 42(a), which provides in pertinent part as follows:

> "when actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The purpose of consolidation under Rule 42(a), where cases share such common questions of law or fact, is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings and effort.  See, e.g., Enterprise Bank v. Saettele, 21 F.3d 233, 235-36 (8th Cir. 1994); E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).

   Both related matters arise from Plaintiff's claim that he was falsely charged, and arrested, for alleged witness tampering in violation of 18 U.S.C. § 1512(c)(2).  Based on identical facts, Plaintiff's initially filed lawsuit (No. 2:05-cv-0161-MCE-DAD) asserts claims against Defendant Moreno for violations of the Fourth Amendment pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).  In his subsequent action (No. 2:05-cv-2068-MCE-DAD), Plaintiff goes on to assert claims under the Federal Tort Claims Act on theories of intentional and/or negligent infliction of emotional distress in addition to allegations of false arrest and malicious prosecution.

    Given the parties' agreement that consolidation is appropriate, and following the Court's own determination that consolidation will promote clarity, efficiency and the avoidance of confusion and prejudice given the above-enumerated common nucleus of operative facts, Defendants' Motion to Consolidate is hereby GRANTED.[1]  The Court, in its discretion, may order consolidation under those circumstances.  See <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

    Both actions are consequently consolidated, for all purposes including trial.  The lead case in this consolidated action shall be <u>Lasic v. Moreno</u>, Case No. 2:05-cv-0161-MCE-DAD.  All dates established by the Court's Pretrial Status (Scheduling) Order filed December 6, 2005 in Case No. 2:05-cv-0161-MCE-DAD shall remain in effect and will apply to this consolidated matter.  Dates previously assigned to Plaintiff's other action (No. 2:05-cv-2068-MCE-DAD) are hereby vacated.

    IT IS SO ORDERED.

DATED: March 1, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).