1  KEVIN V. RYAN
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  ANDREW Y.S. CHENG (SBN 164613)
   Assistant United States Attorney
4
         450 Golden Gate Avenue,10th Floor
5        San Francisco, California 94102-3495
         Telephone:    (415) 436-6813
6        Facsimile:    (415) 436-6748
         Email:        andrew.cheng@usdoj.gov
7
   Attorneys for Defendant
8
                       UNITED STATES DISTRICT COURT
9
                       EASTERN DISTRICT OF CALIFORNIA
10

11 DAVID LASIC, JR.,              )        No. 2:05-cv-0161-MCE-DAD
                                  )        No. 2:05-cv-2068-MCE-DAD
12         Plaintiff,             )
                                  )
13         v.                     )        **STIPULATION AND PROTECTIVE**
                                  )        **ORDER RE CONFIDENTIALITY**
14 DANA MORENO.                   )
                                  )
15         Defendant.             )
                                  )
16 _____)

17       Subject to the approval of this Court, plaintiff David Lasic and defendants United States

18 of America and Dana Moreno ("Federal Defendants"), by and through their undersigned counsel,

19 hereby stipulate to the following protective order:

20       The parties agree that entry of the following protective order is necessary in order to: (1)

21 facilitate discovery of information without document by document controversy concerning

22 confidentiality; (2) protect employees or former employees of the United States Postal Service

23 ("USPS") or Office of Inspector General ("OIG") from undue annoyance, embarrassment,

24 oppression, burden and expense resulting from public disclosure or use for purposes other than

25 this litigation of confidential information that the parties will disclose in discovery; and (3) avoid

26 violation of the Privacy Act as codified at 5 U.S.C. §522a.  The parties therefore request that the

27 Court enter the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

28

                                                  1

**STIPULATED ORDER**

All documents obtained from defendant United States of America in response to discovery requests made under the Federal Rules of Civil Procedure or made pursuant to any disclosure requirement, including initial disclosure requirements, that are contained within any EEO file, medical file, injury compensation file, or any personnel file of any person other than the plaintiff (the "Documents") shall be subject to the following restrictions:

1. The Documents and the information contained therein shall be used only for purposes of this litigation and not for any other purpose;

2. Neither the Documents nor the information contained therein shall be disclosed to anyone other than (a) the attorney employed by plaintiff and the attorney's staff; (b) the parties; (c) actual or potential third-party witnesses; (d) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation; (e) the Court in further proceedings herein; (f) stenographic deposition reporters; and (g) other persons whom the parties mutually agree upon in writing;

3. There shall be no reproduction of the Documents, except that, as required by the litigation, copies, excerpts, or summaries may be shown to those authorized in Paragraph 2;

4. Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of the plaintiff's attorney of record during the pendency of the litigation;

5. Upon final determination of this litigation, including all appeals, all of the Documents, including copies, extracts or summaries thereof, produced by defendant that pertains to any person other than the plaintiff herein, shall be returned to defendant's counsel. Notwithstanding this paragraph, however, the plaintiff's attorneys may retain one copy of each pleading and other document filed with the Court that contains any of the Documents covered by this Order.  Furthermore, nothing in this paragraph shall be construed to require plaintiff's attorney to turn over any attorney work-product; and

6. This Stipulation and Protective Order is without prejudice to the right of any party to seek modification of it from the Court.  It shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action.

The Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and Protective Order notwithstanding the termination of this action.

**IT IS SO STIPULATED.**

                                               KEVIN V. RYAN
                                               United States Attorney

Date: May 30, 2006                   /s/ Andrew Y.S. Cheng
                                             ANDREW Y.S. CHENG
                                             Assistant United States Attorney
                                             *Attorneys for Defendants*

                                             FLYNN & STILLMAN

Date: May 25, 2006                   /s/ Philip H. Stillman
                                             PHILIP STILLMAN
                                             *Attorneys for Plaintiff*

**APPROVED AND SO ORDERED**.

DATED: June 6, 2006

                                             _____
                                             MORRISON C. ENGLAND, JR
                                             UNITED STATES DISTRICT JUDGE