UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID LASIC, JR., an
individual,

          2:05-cv-0161-MCE-JFM

       Plaintiff,

   v.                  <u>MEMORANDUM AND ORDER</u>

DANA MORENO; UNITED STATES
POSTAL SERVICE;
UNITED STATES OF AMERICA; and
DOES 1 through 10 inclusive,

       Defendants.


----oo0oo----


    Through the present action, Plaintiff David Lasic, Jr.
alleges his civil rights were violated when he was seized and
maliciously prosecuted by Defendant Dana Moreno ("Moreno") and
Defendant United States of America in violation of the Fourth
Amendment of the United States Constitution.  Defendant Moreno is
now moving for Summary Judgment as to all claims against her.
For the reasons set forth below, Defendant Moreno's Motion for
Summary Judgment is GRANTED.

1

1

**BACKGROUND**

2

3          The events giving rise to the present action occurred while

4    Plaintiff David Lasic, Jr. ("Lasic") was acting as a manager for

5    the United States Postal Service.  It was in that capacity that

6    Lasic first interacted with Defendant Dana Moreno, a United

7    States Postal Service Inspector ("Moreno").  Moreno became

8    engaged in an investigation of one of Lasic's subordinates, Jay

9    Austin ("Austin").  During the course of that investigation,

10   Moreno requested copies of certain invoices relevant to the

11   Austin case.  Initially, Moreno sought the documents from Lasic.

12   Sometime thereafter, contention arose between Moreno and Lasic

13   with respect to the Austin investigation and Moreno began

14   requesting information and documents from one of Lasic's

15   investigators, Wes Lilly.  After one particular conversation

16   between Moreno and Lilly, Lasic directed that Lilly "should not

17   speak with Moreno or action will be taken against [Lilly]."  This

18   comment was recorded by Lilly on his desktop calendar and

19   overheard by a co-worker, Barry Ward ("Ward").  Later, two

20   similar directives were made to Lilly that he should not be in

21   contact with Moreno.

22         While the exchanges between Lasic and Lilly seemed to imply

23   Lasic was impeding Moreno in conducting her investigation, Lasic

24   was simultaneously sending Moreno emails pledging his full

25   cooperation.  Despite these emails, Moreno advanced her

26   recommendation to the United State's Attorney's Office ("USAO")

27   that Lasic be charged with obstruction of justice.

28   ///

Moreno alleges her decision to recommend prosecution was based both on the threat recorded on Lilly's calendar and eye witness testimony of that threat provided by Lilly's co-worker, Ward.

The USAO adopted Moreno's recommendation to prosecute Lasic but elected to charge him with witness tampering rather than the obstruction of justice charge suggested by Moreno.  Assistant United States Attorneys ("AUSA") Samantha Spangler ("Spangler") and Andrew Cheng ("Cheng") were assigned the Lasic case.  In turn, Spangler and Cheng delegated the matter to certified law student, Kristin Odom ("Odom") under their direct supervision.

There is evidence in the record that Moreno was not as candid with the results of her investigation as is generally expected from a Postal Service Investigator.  In fact, the Parties concede that the emails pledging Lasic's cooperation were not produced during the preparation of the trial.  Instead, those emails were only discovered days before the trial was to begin.  Nonetheless, Spangler and Cheng chose not to drop the charges but, rather, proceeded to bring the witness tampering charge to trial.  Ultimately, the jury acquitted Mr. Lasic of all charges.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

3

One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); *see also Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter Twp. of Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. *See* Fed. R. Civ. P. 56(a), 56(c); *Mora v. ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. at 323(quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

///

///

4

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52 (1986); *Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers*, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."  *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87.

///

///

///

1    In resolving a summary judgment motion, the evidence of the
2  opposing party is to be believed, and all reasonable inferences
3  that may be drawn from the facts placed before the court must be
4  drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255.
5  Nevertheless, inferences are not drawn out of the air, and it is
6  the opposing party's obligation to produce a factual predicate
7  from which the inference may be drawn.  *Richards v. Nielsen*
8  *Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
9  *aff'd*, 810 F.2d 898 (9th Cir. 1987).

10

11                              **ANALYSIS**

12

13  **1.   Biven's Action for Malicious Prosecution**

14

15    In *Bivens v. Six Unknown Named Agents of Federal Bureau of*
16  *Narcotics*, the Supreme Court recognized a cause of action for
17  damages against federal officials who violate constitutional or
18  statutory rights under color of federal law.  403 U.S. 388
19  (1971).  Plaintiff is here seeking redress for malicious
20  prosecution under the authority of *Bivens*.  In order "to
21  establish a cause of action for malicious prosecution of either a
22  criminal or civil proceeding, a plaintiff must demonstrate 'that
23  the prior action (1) was commenced by or at the direction of the
24  defendant and was pursued to a legal termination in his,
25  plaintiff's, favor; (2) was brought without probable cause; and
26  (3) was initiated with malice.'"  *Sheldon Appel Co. v. Albert &*
27  *Oliker*, 47 Cal.3d 863, 871, 254 Cal. Rptr. 336, 765 P.2d 498
28  (1989).

While proof of the foregoing constitutes a prima facie case of malicious prosecution, a plaintiff must first overcome the presumption that the prosecutor exercised independent judgment in prosecuting the criminal charge.  In the event a plaintiff fails to rebut this presumption, summary judgment is appropriate. *Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir. 1986).

## A.   Prosecutorial Immunity

The Ninth Circuit has long recognized that "[f]iling a criminal complaint immunizes investigating officers ... from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time."  *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981) (*Smiddy I*).  The plaintiff bears the burden of producing evidence to rebut such presumption.  *Newman v. County of Orange*, 457 F.3d 991, 993-995 (9th Cir. 2006).

The prosecutorial presumption of independent judgment was first identified in *Smiddy I*.  665 F.2d at 266.  In that case, an individual cleared of a murder charge brought suit under 42 U.S.C. § 1983 against the officers responsible for his arrest. *Smiddy I*, 665 F.2d at 263-64.  The *Smiddy* jury found for the plaintiff and the officers appealed, claiming that they were not liable for damages suffered after the formal complaint was filed. *Id.* at 266.  The Ninth Circuit agreed and created a rebuttable presumption that a prosecutor exercises independent judgment in deciding to file charges.

7

The court remanded the case for further proceedings consistent with the presumption approach.

On remand, the district court granted summary judgment in favor of the plaintiff.  The Ninth Circuit again reversed holding that the plaintiff had failed to meet his burden of rebutting the presumption.  *Smiddy II*, 803 F.2d at 1471. (*Smiddy II*).  The court found that the plaintiff failed to produced evidence "that the district attorney was subjected to unreasonable pressure by the police officers, or that the officers knowingly withheld relevant information with the intent to harm [him], or that the officers knowingly supplied false information."  *Id.*  The court further held that "the presumption was sufficient to require summary judgment" for the defendant officers.  *Id.*

In considering the types of evidence necessary to overcome the presumption, the Ninth Circuit has explained that when a prosecutor bases her decision to prosecute solely on the information contained in the investigating officers' reports, striking omissions and conflicting stories will entitle the jury to find that the complaint was procured by misrepresentation. *Borunda v. Richmond*, 885 F.2d 1384, 1390 (9th Cir. 1988).  In such cases, the plaintiff can be said to have properly rebutted the presumption of independent judgment.  *Id.*

In contrast, the Ninth Circuit has clarified that a plaintiff's account of the incident in question, by itself, does not overcome the presumption of independent judgment.  *Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994).

///

///

1  In essence, to overcome the presumption of independent judgment,
2  a plaintiff must show that the prosecutor was subjected to
3  unreasonable pressure by the investigating officer, or that the
4  officer knowingly withheld relevant information with the intent
5  to harm the plaintiff, or that the officer knowingly supplied
6  false information.  *Smiddy II*, 803 F.2d at 1471.  When a
7  plaintiff can provide no evidence of the foregoing, summary
8  judgment for the defendant is appropriate.  *Id.*

9      In the present action, Plaintiff contends that summary
10 judgment is inappropriate as Moreno withheld the material
11 evidence of Lasic's pledge to cooperate when she did not timely
12 produce the emails memorializing that pledge.  As an initial
13 matter, the emails in question were, in fact, produced in advance
14 of the initiation of trial.  Consequently, it cannot be said that
15 prosecutors did not have all the information relevant to their
16 decision to proceed.  More importantly, the emails contained
17 evidence relevant to whether an obstruction of justice charge
18 would be appropriate.  The emails did not resolve whether Lasic
19 was tampering with a witness in a federal investigation.  Lasic's
20 email pledge to cooperate in the investigation could quite
21 comfortably coexist with his directive that Lilly not cooperate
22 in the investigation.  While the Court clearly agrees that Moreno
23 was not as forthcoming as she should have been, the Court
24 nonetheless finds that lack of candor insufficient to render the
25 independent judgment of the prosecutors null.
26 ///
27 ///
28 ///

9

1    In addition, the prosecutor in this case did not rely solely
2    on the report prepared by Moreno.  Rather, certified law student
3    Odom interviewed witnesses and gathered evidence to support the
4    prosecution independent of Moreno's submitted evidence.  In cases
5    where a prosecutor relies solely on the investigator's report and
6    that report contains false information or omits relevant
7    information in a manner calculated to produce injury to the
8    accused, the Court can look to the investigating officer as the
9    cause of the prosecutor's decision.  Unlike that case, here
10   Moreno's report was but one piece of evidence used by prosecutors
11   to determine whether to proceed.  This further gathering of
12   independent information fortifies the independence of the
13   prosecutor's decision in bringing the case to trial.  The report,
14   together with other relevant evidence, was reviewed by persons
15   presumably learned in the law and employed to review such reports
16   for adequacy and probability of success on the merits.  *Smiddy*
17   *II*, 803 F.2d at 1472.

18   Here, like in *Smiddy I and II*, the record before the trial
19   court contained no evidence that the investigation was performed
20   in a manner that excused the prosecutors from the duty to screen
21   the case.  The prosecutors did screen the case and independently
22   concluded it should go to trial.  Accordingly, the Court
23   concludes that Moreno is insulated from liability based on the
24   AUSA's independent judgment to prosecute.

25   ///
26   ///
27   ///
28   ///

10

1        **B.    Probable Cause**

2

3        Plaintiff also argues that Moreno's animus requires this

4   Court to consider whether probable cause existed at the time

5   prosecutors elected to file charges against Lasic.  Plaintiff

6   raises this argument by relying on a very recent Supreme Court

7   case entitled *Hartman v. Moore*.  126 S. Ct. 1695.  In *Hartman*,

8   the Court was considering whether a showing of probable cause

9   should be required in seeking to establish the constitutional

10  tort of retaliatory prosecution.  The specific question at issue

11  in *Hartman* involved the chain of causation from animus to injury

12  in cases of retaliatory prosecution.

13       The present action seeks redress for the common law tort of

14  malicious prosecution.  Both the constitutional tort of

15  retaliatory prosecution as well as the common law tort of

16  malicious prosecution raise concern about the causal link between

17  the investigator's actions and the ultimate prosecution of the

18  Plaintiff.  In *Hartman*, the Court elected to require proof that

19  the prosecution lacked probable cause to bridge the causal gap as

20  well as rebut the presumption of regularity.  In cases of

21  malicious prosecution, probable cause is an element of the tort,

22  however, the existence or lack of probable cause has never been

23  required to rebut the presumption of regularity.

24       The Court will reserve judgment on the effect of the *Hartman*

25  decision on the common law tort of malicious prosecution, for

26  even on a pragmatic level, Plaintiff's argument fails as the

27  Court finds that probable cause did exist in Plaintiff's

28  prosecution.

As an initial matter, California has adopted a definition of the probable cause element of malicious prosecution that the California Supreme Court has characterized as a "rather lenient standard for bringing a civil action." *Wilson v. Parker*, 28 Cal. 4th 811, 817 (Cal. 2002) (citations and internal quotations omitted). Under California's test, probable cause is satisfied as long as "any reasonable attorney would have thought the claim tenable." *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 886 (Cal. 1989).

The issue of probable cause is always one for the court to decide, and "resolution of that question of law calls for the application of an objective standard to the facts on which the [malicious prosecution] defendant acted." *Id.* at 878. Only those actions that "any reasonable attorney would agree [are] totally and completely without merit" may form the basis for a malicious prosecution suit. *Wilson*, 28 Cal. 4th at 817 (citations and internal quotations omitted).

Here, both AUSA Spangler as well as AUSA Cheng agreed to proceed forward with the prosecution even after the disclosure of the allegedly exculpatory emails. Not only did one reasonable attorney agree there was merit, but two agreed. Similarly, the Court finds that the evidence existing in the form of Lilly's written notation regarding the alleged threat made by Plaintiff, together with the testimony of corroborating witness Ward and other extrinsic evidence supports the prosecution's determination that probable cause existed in this case.

///

///

12

1    Accordingly, the Court finds that even in the event probable
2  cause were relevant to adjudicating the present issue, Plaintiff
3  would fail to meet his burden.  Given the foregoing, the Court
4  need not address the Parties' remaining arguments.  Summary
5  Judgment in favor of Moreno is hereby granted.

6

7                              **CONCLUSION**

8

9    For the reasons set forth fully above, Moreno's Motion for
10  Summary Judgment is GRANTED. Given the previous settlement by the
11  United States of America and United States Postal Service, no
12  claims remain open for resolution by this Court. Accordingly, the
13  Clerk is directed to close this case and enter judgment in favor
14  of Moreno.

15    IT IS SO ORDERED.

16
 Dated: January 30, 2007
17

18                          _____
19                          MORRISON C. ENGLAND, JR.
                            UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

27

28

                                 13