Law Offices
**FLYNN & STILLMAN**
224 Birmingham Drive, Suite 1A4
Cardiff, California 92007
(888) 235-4279

PHILIP H. STILLMAN, Bar # 152861

Attorneys for plaintiff, DAVID LASIC

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LASIC, JR., an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>DANA MORENO; and DOES 1 through 10 inclusive,<br><br>        Defendants. | CASE NO.: 2:05-cv-00161-MCE-DAD<br>(Consolidated with Case No. 2:05-cv-2068 MCE-DAD)<br><br>OBJECTIONS OF DAVID LASIC TO DEFENDANT DANA MORENO'S BILL OF COSTS |
| DAVID LASIC, JR., an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE; UNITED STATES OF AMERICA; and DOES 1 through 10 inclusive,<br><br>        Defendants. | |

Plaintiff David Lasic hereby objects to the Bill of Costs submitted by defendant Dana Moreno. As set forth below, Moreno is at best entitled to only half of the submitted costs, given that the two cases were consolidated and the defendants have waived costs in that case. Therefore, it would be inequitable if not improper for all of the costs to now be allocated to the current *Bivens* action. In addition, not only are the costs miscategorized, but the vast majority of the costs are not awardable under either the section listed or under the category for a copy of a deposition transcript. Moreover, there is no provision for the costs of a videographer or videotape and there is no showing that the depositions were reasonable or necessary to the *Bivens* action, particularly given that the case was decided on the declaration of Samantha Spangler, not on any of the depositions taken in the case. Accordingly, Mr. Lasic's objections should be sustained and no costs allowed.

**INTRODUCTION**

The present action was brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), based on Mr. Lasic's prosecution and ultimate acquittal on the charge of "attempted" witness tampering. The *Bivens* case was consolidated for all purposes with Case No. 05-2068 on March 2, 2006. Several depositions were taken in the case, all of which were noticed in both cases. Stillman Decl., ¶¶ 3-5. After discovery closed, the defendants filed a summary judgment motion in each case, arguing that Agent Moreno was shielded from liability by the prosecution's allegedly independent decision to prosecute. Prior to ruling on either motion, the parties settled Case No. 05-2068. As part of that settlement, both parties waived any right to seek costs. *See* Settlement Agreement, attached to the Stillman Declaration as <u>Exhibit 1</u>. On January 30, 2007, the Court granted the defendants' motion for summary judgment in Case No. 05-161, holding that Moreno was protected by the prosecutor's independent decision to prosecute and that the Government had probable cause – however faulty Moreno's investigation was – for the prosecution. The decision was based entirely on the declaration of the Assistant U.S. Attorney, Samantha Spangler. Thus, the depositions taken in the case were purely "discovery" depositions. Moreno filed her Bill of Costs on January 31, 2007, seeking $14,970.33 in costs, improperly listed under the category "Fees and Disbursements for Printing."

# ARGUMENT

## I.

## THE DEFENDANTS HAVE WAIVED THEIR RIGHT TO AN AWARD OF COSTS

As set forth in the Settlement Agreement signed by Mr. Lasic and also entered on the record before Magistrate Hollows, the defendants have waived their right to seek costs in the case. *See* Settlement Agreement, ¶ 8. Since the depositions for which costs are sought were taken in the consolidated cases, where the defendants waived their right to obtain costs, Moreno cannot now seek those very same costs in the *Bivens* action.

Moreover, even if there were any legitimate argument that the defendants could simply seek all of the costs in the *Bivens* action, at the very least, those costs must be reduced by fifty percent given that the depositions were taken in for use in both cases, and released in one of those cases. Accordingly, even if not otherwise waived, and even if otherwise legitimate – which is denied – the defendant would not be entitled to more than $7,485.17.

## II.

## THE COSTS SOUGHT ARE NOT LEGALLY COGNIZABLE AND SHOULD THEREFORE NOT BE AWARDED

The only costs recoverable by a successful party are those which are normally allowable under 28 U.S.C. § 1920 and Rule 54(d). *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 224 (9th Cir. 1964). Section 1920 is very specific in the type of costs allowable:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title [28 USCS § 1923];
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

Although the defendant has listed the deposition expenses under "Fees and Disbursements for Printing," the costs listed are in fact the costs incurred for the depositions of several witnesses and a

court reporter's transcript of a hearing.  Although § 1920(2) authorizes the court to tax the costs of the court reporter for a deposition, it does not authorize the plethora of additional fees above and beyond the court reporter's fees, or for the preparation of a transcript of a hearing in this case.

A. <u>The Deposition Costs Are Unauthorized and Unreasonable.</u>

    1. **There Is No Showing That The Depositions Were Necessarily Obtained.**

Deposition costs are within discretion of court and are not taxable as matter of right. *Johnson v Baltimore & O. R. Co.,* 65 FRD 661 (N.D. Ind 1974), *affd on other grounds* 528 F2d 1313 (7th Cir. 1976). The deposition must have necessarily obtained for use in the case. *S.G.C. v Penn-Charlotte Associates,* 116 FRD 284, 289 (W.D.N.C 1987). A broad and general statement of counsel that each deposition was necessary in connection with defense of plaintiff's claim, is not sufficient basis for court to make determination as to which depositions were necessarily obtained. *Id.*; *Fressell v AT & T Technologies, Inc.*, 103 FRD 111 (N.D. Ga 1984) (general statement by attorneys that parties and court relied on 5 depositions for order granting summary judgment is insufficient; parties seeking reimbursement must show how depositions were necessary for court's disposition of motion).

Here, there is no showing that the depositions were necessarily obtained for use in this case. First, deposition costs are properly disallowed where witnesses lived in area and were available to testify at trial. *Hempstead v Georgia-Pacific Corp.*, 124 F.R.D 202 (WD Ark 1989).  Here, all but the defendant and third party Kristin Odom lived in the Eastern District of California and were subject to the subpoena power of the Court for trial.  In addition, the depositions were purely for discovery, especially given that all of the witnesses but Kristin Odom testified at trial in *United States v. Lasic*, the criminal case giving rise to this litigation.  Costs of depositions that are purely for the purposes of discovery are not properly taxable. *Todd Shipyards Corp. v. Turbine Service, Inc.*, 592 F. Supp. 380, 401 (D. La. 1984); *Hall v Ohio Educ. Ass'n,* 984 F Supp 1144 (S.D. Ohio 1997) (Deposition expenses are not recoverable by prevailing defendant where deposition appears to have been used for discovery purposes, because defendant has failed to provide any evidence as to necessity of deposition at trial).

    2. **The Separate Expenses Incurred In Connection With The Depositions Are Not Taxable.**

Even assuming that some portion of the deposition expenses would otherwise be taxable as a cost, the items sought by the defendants are not properly taxable.

<u>Lasic Deposition</u>. Mr. Lasic is obviously the plaintiff and has testified previously in *United States v. Lasic*, and is a resident of the Eastern District, available for trial. The only potentially taxable cost is the expense for the preparation of the deposition transcript, *i.e.*, $1,158.[1] The rest of the itemized expenses are "exhibits," "delivery charges," preparation of condensed transcripts, an ASCII disk, "MPEG conversion to DVD (apparently from videotape)," hourly fees for the videographer, "video set-up," some unspecified "original tape charge," preparation of a "word index," and an "hourly rate" at $75 per hour in addition to the videographer's $130/hr charge. None of these charges are reasonable, necessary or taxable. In fact, because depositions are not explicitly taxable in § 1920, courts have interpreted § 1920(2) and (4) as only statutorily authorizing the taxation of the costs of original deposition transcripts and copies. *Gaddis v. United States*, 381 F.3d 444, 455 (5th Cir. 2004). The court reporters' and videographer's hourly or per diem fees are not taxable. Although court reporter's "appearance fee" or "per diem" charge is cost involved in taking deposition, these fees do not correlate to actual production of deposition transcript and are not contemplated under statute. *Hansen v Sea Ray Boats,* 160 FRD 166 (D. Utah 1995).

In addition, costs of exhibits not used at trial are not taxable. Moreover, the cost of copying exhibits is $0.40 per page, well in excess of what the Judicial Conference has determined to be reasonable for copying. Although there is no "bright line rule that any in-house cost above what Kinko's charges is unreasonable," the Judicial Conference has established that copy rates of between $ 0.10 and $ 0.20 are reasonable. *See Williams v. Thresholds, Inc.,* 2003 U.S. Dist. LEXIS 19471 (D. Ill. 2003). *See also*, *Manley v. City of Chicago,* 236 F.3d 392, 398 (7th Cir. 2001) ($0.15 per page

---

[1] In *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 456 (7th Cir. 1998), the Seventh Circuit limited the fees per page to the court reporter to those set by the Judicial Conference, *i.e.*, $3 per page, half of what is being sought for preparation of the Lasic deposition transcript. *See also*, *Ochana v Flores,* 206 F. Supp. 2d 941 (N.D. Ill. 2002) (limited to $3 per page). Pursuant to 28 U.S.C. § 753(d)(2), the Judicial Conference of the United States rates for the preparation of transcripts is $3.30 per page, not the $6+ charged by the defendant's reporter. Thus, the per page price should be limited to $3.30 per page. *See* published rates of the Judicial Conference, <u>Exhibit N</u> to the CJA Manual, and attached to the Stillman Declaration as <u>Exhibit 2</u>.

reasonable).

There is no provision in § 1920 for taxation of costs related to the preparation of an ASCII computer file of the deposition, nor is there any provision for the preparation of a "min-u-script," which counsel believes is a condensed transcript, or a "word index." The defendant also seeks to tax the hourly rate of $130 for the fellow who operated the video camera, and an *additional* $75 per hour for what is presumably the court reporter.

There is also no provision in § 1920 for the exorbitant fees charged for "video set-up" of $200 per deposition, some mysterious charge listed as MPEG conversion CD/DVD, which presumably refers to the cost of transferring the videotape to a DVD, of $130/hr, for a total of $390, and $60 for the videotape. None of these charges are properly taxable under § 1920.

<u>Wes Lilly deposition.</u> Mr. Lilly also testified at trial in *United States v. Lasic* and is a resident of the Eastern District of California, available to testify in the case. Thus, the deposition is not necessarily obtained for use in this case. Second, the defendant is seeking to tax the cost of an expedited transcript at $10.50/page, significantly more even than the Lasic deposition's $6/page. There is no showing that an expedited transcript was necessary or why it was necessary, and the per page fee is per se unreasonable.

As with the Lasic deposition, none of the other "junk" deposition expenses should be allowed as costs, as they are unreasonable, not authorized by statute, and unnecessary. Thus, the only potentially taxable item is the preparation of the deposition transcript at $6/page, for $1,146. The remainder is not taxable.

<u>Larry Paris Deposition.</u> Mr. Lilly also testified at trial in *United States v. Lasic* and is a resident of the Eastern District of California, available to testify in the case. Thus, the deposition is not necessarily obtained for use in this case. As with the Lasic deposition, none of the other "junk" deposition expenses should be allowed as costs, as they are unreasonable, not authorized by statute, and unnecessary. Thus, the only potentially taxable item is the preparation of the deposition transcript at $6/page, for $1,146. The remainder is not taxable.

<u>Dana Moreno Deposition.</u> This deposition was noticed as a "preservation deposition" by the defendant. It was therefore not necessarily obtained for use in this case, since it was the defendant

1  who decided to have her own deposition taken.  Stillman Decl, ¶ 6.  At best, the cost of the
2  deposition transcript should be split between the parties (after being reduced by 50% because of the
3  settlement in the consolidated case).

4  As set forth in connection with the Lasic deposition, the only item that is properly taxable as a
5  cost is the cost of the preparation of the transcript.  The rest of the "junk" fees are not taxable,
6  including the additional charge for "shipping," of $32.74.  Shipping charges are not taxable.
7  Expense of transporting exhibits is not proper element of costs. *Wahl v Carrier Mfg. Co.* 511 F2d 209
8  (7th Cir. 1975).

9  William Portonovo Deposition.  Mr. Portonovo is an attorney in the Eastern District of
10 California and available to testify.  Thus, the deposition was merely a discovery deposition.
11 However, subject to Mr. Lasic's argument regarding waiver and the excessive "per page" transcript
12 preparation charge in excess of that set by the Judicial Conference, all remaining charges should be
13 disallowed.

14 Barry Ward Deposition.  Mr. Ward also testified at trial in *United States v. Lasic* and is a
15 resident of the Eastern District of California, available to testify in the case.  Thus, the deposition is
16 not necessarily obtained for use in this case. As with the Lasic deposition, none of the other "junk"
17 deposition expenses should be allowed as costs, as they are unreasonable, not authorized by statute,
18 and unnecessary. Thus, the only potentially taxable item (subject to Mr. Lasic's objections regarding
19 waiver, and charges exceeding the Judicial Conference rate) is the preparation of the deposition
20 transcript at $6/page, for $1,146.  The remainder is not taxable.

21 Kristin Odom.  Ms. Odom did not reside in the Eastern District and was not therefore subject
22 to its subpoena power.  Although Mr. Lasic objects to the fees for "delivery," and "ASCII," and
23 subject to his objections regarding waiver and apportionment, Mr. Lasic does not object to the
24 $178.75 listed as the charge for the preparation of the deposition.

25 B. The Hearing Transcript Was Not "Necessarily Obtained For Use In This Case.
26 Section 1920(2) allows "fees of the court reporter for all or any part of the stenographic
27 transcript necessarily obtained for use in the case."  The transcript of the hearing on the
28 Government's motion for summary judgment, which was held on November 27, 2006 is totally

unnecessary to the case. Stillman Decl., ¶ 10.  Thus, where, as in this case, the Court did not order the transcript and it was not necessary for any purpose at trial, Mr. Lasic's objection should be sustained.  *Peabody Coal Co. v Navajo Nation* 162 FRD 596 (D. Ariz. 1995) (objection sustained where court did not order transcript, although discussion of discovery issues was helpful in complex case).

## CONCLUSION

For the foregoing reasons, Mr. Lasic respectfully requests that his objections to the Bill of Costs be sustained in their entirety.

FLYNN & STILLMAN

Dated:  February 12, 2007      By: _____
             Philip H. Stillman, Esq.
             Attorneys for Plaintiff David T. Lasic, Jr.